591 P.2d 1343 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
AMERICAN HEALTH CARE, INC., d/b/a Athena Gardens Care Center and American Health Care Nursing Home, Defendants-Appellants.
No. 77-1055.
Colorado Court of Appeals, Division I.
February 22, 1979.
*1344 *1345 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Sanford B. Hertz, P. C., Denver, for defendants-appellants.
BERMAN, Judge.
Defendant appeals its conviction of theft under § 18-4-401, C.R.S.1973 (1978 Repl.Vol. 8), which was entered after a trial to the court. We affirm.
The relevant facts, which were stipulated, are as follows. Victor Valdez was a patient in defendant's nursing home from January to July 1974. On or about October 21, 1974, defendant received a check for approximately $1300, payable to defendant for Valdez. The check represented funds that were the property of Valdez.
At that time, defendant's books showed a credit balance in Valdez's account, and the proceeds of the check were credited to Valdez's account in defendant's books. However, the check was deposited in defendant's general corporate account, rather than in defendant's "Special Funds Account for handling the monies of the patients in the nursing home."
In November 1975, the Colorado Department of Social Services gave defendant written notice that it owed approximately $1400 to Valdez. And, in May 1976, defendant's president was personally notified by the department that this debt remained unpaid. In November 1976, the debt was paid by defendant.
Defendant first argues that the evidence was insufficient to support a finding that the requisite elements of theft were present. It contends that because the check came to defendant in the ordinary course of its business, there was no "unauthorized taking." It further argues that since defendant's books showed its liability to Valdez and since the money was eventually paid to Valdez by defendant, there was no intent to permanently deprive. We disagree.
Under the theft statute, § 18-4-401, C.R.S.1973 (1978 Repl.Vol. 8), an unauthorized taking is not a necessary element of the offense. Exercising control without authorization, combined with the requisite intent, is sufficient. Furthermore, the control need not be unauthorized from the outset; rather "theft can occur even though initial control of the property has been authorized. . . ." People v. Treat, 193 Colo. 570, 568 P.2d 473 (1977).
As to the intent element, it "does not have to be proven by direct, substantive evidence but can be inferred from the defendant's `conduct and the reasonable inferences which may be drawn from the circumstances of the case.'" People v. Becker, 187 Colo. 344, 531 P.2d 386 (1975). And, contrary to defendant's contention, return of the property does not necessarily negate the existence of a wrongful intent. Kelley v. People, 166 Colo. 322, 443 P.2d 734 (1968); People v. Burke, 37 Colo.App. 289, 549 P.2d 419 (1976). Furthermore, where initial control of the property is authorized, "the intent to deprive . . . may arise at a later time when control is no longer authorized." People v. Treat, supra.
Viewed in the light most favorable to the prosecution, see, e. g., People v. Rosenberg, 194 Colo. 423, 572 P.2d 1211 (1978), the evidence that defendant deposited the check in its general account, rather than the account specifically maintained for patients' money, and that it did so at a time when Valdez was no longer a patient and had a credit balance, coupled with the fact that the money was not paid by defendant to Valdez until two years later, is sufficient to sustain the trial court's finding of unauthorized control with intent to permanently deprive. Accordingly, the trial court correctly determined that the elements of theft were present, and defendant's contentions to the contrary are without merit.
Defendant's reliance on People v. McCain, 191 Colo. 229, 552 P.2d 20 (1976), and United States v. Chavez, No. 77-1077 (10th Cir., April 24, 1978), is misplaced. In McCain there was no unauthorized control because *1346 it could not be said that either party was the owner of the funds to the exclusion of the other. Here it was stipulated that the money belonged to Valdez. Chavez involved a federal charge of embezzlement by a bank officer. The case is factually distinguishable, and not controlling.
Defendant also argues that the trial court erred by admitting into evidence a document, prepared by the Department of Social Services, which showed that the balance in defendant's special bank account for patients' money was approximately $29,000 short. We disagree.
The document was the final page of a report which was based on an audit conducted by the department. The report showed, in detail, the individual amounts of money which defendant owed to several patients. The trial court refused to admit the entire report because the evidence of similar transactions was insufficient. See, e. g., Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959). The last page, however, which merely showed the total amount which should have been in the special bank account, and the current balance in that account, was admitted on the ground that it was relevant on the issue of defendant's intent.
Evidence "which is competent and relevant and tends to establish some element of the crime . . . charged, is admissible even though it may tend to show that the defendant is guilty of another crime." Johnson v. People, 174 Colo. 413, 484 P.2d 110 (1971). The document was relevant and therefore properly admitted because, by showing the large amount of money which defendant failed to keep in the proper account, it tended to negate defendant's assertion that the funds were held because of defendant's fear that possible Medicaid eligibility disqualifications would lead to retroactive adjustments by the state. In fact the trial court expressly found that this assertion was not to be believed.
Defendant further argues that the trial court's ruling, to admit only the final page, was more prejudicial than it would have been had the entire report been admitted. However, defendant, upon hearing the trial court's decision to admit only the final page, did not ask that the entire report be admitted. Nor was this argument raised in defendant's motion for new trial. Thus our review is restricted to the question of plain error, see e. g., People v. Manier, 184 Colo. 44, 518 P.2d 811 (1974); Crim. P. 33 and 52, and we find none.
Defendant's final argument, that the trial court may have improperly held that loss of interest was a thing of value which could be the subject of theft, was withdrawn at oral argument.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.