Marilyn MARTIN, Plaintiff-Appellee
and Cross-Appellant,

v.

Mary Lou PORAK, Defendant-Appellant
and Cross-Appellee.

No. 80CA1057.

Colorado Court of Appeals,
Div. III.

Dec. 24, 1981.

Lloyd C. Kordick, Colorado Springs, for plaintiff-appellee and cross-appellant.

Kane, Donley & Wills, Thomas Kelly Kane, Colorado Springs, for defendant-appellant and cross-appellee.

PIERCE, Judge.

Defendant, Mary Lou Porak, appeals from a judgment entered in favor of plaintiff, Marilyn Martin, in this action to recover damages for personal injuries. Martin cross-appeals the percentage of statutory interest entered on her judgment. We affirm in part and reverse in part.

On February 17, 1978, Martin and Porak were involved in an automobile accident in Colorado Springs, Colorado. Martin filed this action on July 21, 1978, alleging that Porak's negligence caused the accident in which Martin was injured. In July 1980, trial was to a jury which found Porak 80% negligent and Martin 20% negligent. The $70,000 jury award was adjusted to $56,000 by the court to reflect Martin's negligence with interest of 6% per annum from the date the action was filed.

I.

Porak first contends that she was entitled to a new trial on the ground that the trial court erred in denying her request to sequester the witnesses pursuant to Colorado Rules of Evidence 615. We disagree.

Prior to the 1980 effective date of our rules of evidence, the decision as to the sequestration of witnesses was within the sound discretion of the trial court. *People v. Beltran*, Colo.App., 634 P.2d 1003 (1981). Rule 615 changed Colorado law in that, with the stated exceptions, the sequestration of witnesses is now a matter of right for either litigant. *See Advisory Committee's Note to Fed.R.Evid. 615* (Colorado's Rule 615 is identical to Fed.R.Evid. 615); *United States v. Johnston*, 578 F.2d 1352 (10th Cir.), *cert. denied*, 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978). Thus, since Rule 615 was in effect, the trial court erred in denying the sequestration request.

The trial court's error, however, does not mandate a new trial unless the requesting litigant demonstrates that the error constitutes sufficient prejudice to amount to an abuse of discretion. *United States v. Womack*, 654 F.2d 1034 (5th Cir. 1981); *Kosidlo v. Kosidlo*, 125 Ariz. 32, 607 P.2d 15 (Ct.App.), *rev'd on other grounds*, 125 Ariz. 18, 607 P.2d 1 (1979). Porak has failed to show sufficient prejudice here to demonstrate an abuse of discretion.

The policy reasons for the sequestration rule are to prevent a witness from conforming his testimony to that of another and to discourage fabrication and collusion. *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir. 1981). Porak contends that sufficient prejudice abrogating the policy bases of the rule has been shown. The only allegation that prejudice occurred,

however, was a physician's testimony that he was present for portions of a prior physician's testimony. Porak contends that this physician's presence hampered cross-examination in that it allowed him to note the prior questioning and compose his answer as to Martin's injuries.

The trial court's order in denying the motion for new trial, however, stated that this doctor's deposition was taken prior to trial and that he had based his testimony upon prepared medical reports given to both parties prior to trial. Therefore, his testimony was not affected by the testimony of others. Furthermore, the doctor testified in an expert capacity only and not to the facts of the case. There would be little reason, if any, to have him sequestered. *See Morvant v. Construction Aggregates Corp.*, 570 F.2d 626 (6th Cir.), *cert. denied*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978); *Skidmore v. Northwest Engineering Co.*, 90 F.R.D. 75 (S.D.Fla.1981).

Thus, we hold that the denial of the sequestration request was not reversible error.

█ Porak next argues that the trial court erred in giving that portion of *Colo. J.I.* 6:1 (2d ed. 1980) on the recoverability of future medical expenses. We disagree.

There was medical testimony that Martin's condition still persisted at the time of trial which was two years after the accident, that physical therapy would have to continue in the future, and that she would continue to have limitations in her body movements. Therefore, unlike the situation in *Stahl v. Cooper*, 117 Colo. 468, 190 P.2d 891 (1948), and *Barter Machinery & Supply Co. v. Muchow*, 169 Colo. 100, 453 P.2d 804 (1969), here, there was sufficient evidence before the jury as to future medical expenses. *See CeBuzz, Inc. v. Sniderman*, 171 Colo. 246, 466 P.2d 457 (1970); *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450 (1962).

Porak finally argues that her tendered instruction on mitigation of damages was improperly refused by the trial court. We disagree.

█ Failure to mitigate damages is an affirmative defense which must be pleaded and proven by the defendant. *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 549 P.2d 1087 (1976). The defense applies when the plaintiff has failed to exercise reasonable care and diligence to minimize or lessen the resulting damages. *Powell v. Brady*, 30 Colo.App. 406, 496 P.2d 328 (1972), *aff'd sub nom., Brady v. Denver*, 181 Colo. 218, 508 P.2d 1254 (1973); *Colo.J.I.* 5:2 (2d ed. 1980).

█ Porak, however, presented insufficient evidence to show that Martin failed to take medical action which would have mitigated her damages. *See Hildyard v. Western Fasteners, Inc.*, 33 Colo.App. 396, 522 P.2d 596 (1974). Porak argues that Martin failed to mitigate her damages by not always wearing a cervical collar. Yet, Martin testified that she substantially complied with her physician's advice by wearing the collar at all times except while sitting and performing her job. Moreover, the trial court found that there was no medical evidence that wearing the collar at work would have mitigated her damages or that her damages were aggravated by failing to wear the collar. *See Hildyard, supra.* This finding is not clearly erroneous and will not be disturbed on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

## II.

█ Martin, on cross-appeal contends that the trial court erred in granting 6% interest on the judgment from the date the lawsuit was filed since § 13–21–101, C.R.S. 1973 (1980 Cum.Supp.) allows interest at the rate of 9% from the date the action was filed. We agree.

Section 13–21–101, C.R.S.1973 (1980 Cum. Supp.) provides in pertinent part:

"In all actions brought to recover damages for personal injuries . . . occasioned by the tort of any other person . . . it is lawful for the plaintiff . . . to claim interest on the damages claimed from the date said suit is filed . . . . When such interest is so claimed, it is the duty of the court . . . to add to the amount of dam-

ages assessed ... interest on such amount calculated at the rate of *nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date ....*" (emphasis added)

Martin filed this action on July 21, 1978. Although § 13–21–101 was further amended in 1979, *see* Colo.Sess.Laws 1979, ch. 55, at 316, with such amendment pertaining only to actions filed after July 1, 1979, nevertheless, the disputed provision here as to the percentage of interest has been in effect since July 1, 1975. Colo.Sess.Laws 1975, ch. 151, at 569.

Therefore, the language of the statute must be applied as written. *See Frank v. Charnes*, 43 Colo.App. 217, 600 P.2d 124 (1979). Hence, Martin is entitled to 9% interest from the date of filing.

The judgment is affirmed as to liability and damages, is reversed as to the interest entered on the judgment, and the cause is remanded with directions to award interest to plaintiff as specified herein.

SMITH and BERMAN, JJ., concur.