**PEOPLE of the State of Colorado,
Plaintiff-Appellant,**

v.

**Joel Keith TAYLOR, Defendant-Appellee.**

**No. 82SA305.**

Supreme Court of Colorado,
En Banc.

Nov. 29, 1982.
Rehearing Denied Dec. 20, 1982.

Dennis E. Faulk, Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

No appearance for defendant-appellee.

QUINN, Justice.

The People appeal from an order, entered after a preliminary hearing in the district court, dismissing a one-count information in which the defendant, Joel Keith Taylor, was charged with felony fraud by check, section 18–5–205, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.).[1] The court ruled that there was no probable cause to believe that the defendant, when he issued the check, had the specific intent to defraud. We reverse the order of dismissal and remand for further proceedings.

The charge in this case arose out of the defendant's issuance of an "insufficient funds" check on September 14, 1981, in Buena Vista, Colorado. The prosecution's evidence at the preliminary hearing was uncontested and established the following facts. On September 14, 1981, the defendant purchased from Marvin Dauty, doing business as S & M Specialties Rent Shop, a chain saw for $759.86.[2] The defendant paid for the saw with his personal check drawn on the Bank of Breckenridge. Although the defendant had a checking account with the bank, the balance in the account was only $172.64 on September 11 and $159.47 on September 14, when the check in question was issued. The check was dishonored by the drawee bank and was returned to Dauty on September 30, 1981, with the notation "insufficient funds" on it. Dauty made numerous efforts to contact the defendant but was unable to do so. On October 7, 1981, Dauty received a letter which contained a $200 money order from the defendant. An enclosed note explained that the money should be credited toward the amount owed on the saw and that the

---

1. Section 18–5–205(2), C.R.S.1973 (1978 Repl. Vol. 8), states:

   "Any person, knowing he has insufficient funds with the drawee, who, with intent to defraud, issues a check for the payment of services, wages, salary, commissions, labor, rent, money, property, or other thing of value, commits fraud by check."

   Fraud by check is a class 4 felony if the fraudulent check was for the sum of two hundred dollars or more. Section 18–5–205(3)(c), C.R.S.1973 (1982 Supp.).

2. A receipt given to the defendant by S & M Specialties Rent Shop indicated that the saw was sold to Placer Valley Plowing, Inc., of Alma, Colorado. This evidence, however, played no part in the court's ruling on probable cause, since the check for the saw was drawn by the defendant on his personal account.

balance would be forthcoming. The balance, however, was not paid.[3]

At the conclusion of the preliminary hearing the court dismissed the information and discharged the defendant because, in its view, there was no probable cause to believe that the defendant issued the check with the specific intent to defraud. Specifically, the court ruled that the defendant's subsequent tender of the $200 money order with his promise to pay the balance of the purchase price negated any intent to defraud on his part. We reverse the order of dismissal because, when the evidence is appropriately viewed, probable cause to believe the defendant had the specific intent to defraud was appropriately established.

■ A preliminary hearing under Colorado procedure serves as a screening device to determine whether the accused should stand trial on the criminal charge filed against him. *E.g., People v. Johnson,* Colo., 618 P.2d 262 (1980); *People v. Armijo,* 197 Colo. 91, 589 P.2d 935 (1979); *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). The standard controlling this determination is one of probable cause only, that is, whether the evidence is "sufficient to induce a person of ordinary prudence and caution to a reasonable belief that the defendant committed the [crime] charged." *People v. Armijo,* 197 Colo. at 94, 589 P.2d at 937. *Accord, Miller v. District Court,* 641 P.2d 966 (Colo.1982); *People v. Johnson, supra.* In ruling on the issue of probable cause the court must view the evidence in a light most favorable to the prosecution; and, in the event of conflicting testimony or evidence which permits contrary inferences, the court must resolve the conflict and draw all inferences in favor of the prosecution. *People v. Johnson, supra; Miller v. District Court, supra.*

■ These basic principles control our resolution of this case. The essential elements of fraud by check, as charged, are the issuance of a check in the amount of $200 or more, for the payment of property or other thing of value, with knowledge of insufficient funds in the drawee bank, and with the specific intent to defraud the payee. *See* section 18–5–205(2) and (3)(c), C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.). It is undisputed that the defendant issued a check for $759.86 for the purchase of a chain saw. The record also shows that the defendant more likely than not knew that there were insufficient funds in his account to pay the check at the time he issued it to Mr. Dauty. According to the records of the Bank of Breckenridge the balance in the defendant's account decreased from $172.64 on September 11 to $159.47 on September 14, when the check in question was issued. There is no evidence in the record before us indicating that the defendant ever had a balance sufficient to pay the check for $759.86.[4]

■■ With respect to the critical issue of specific intent to defraud, we have repeatedly recognized that direct proof of the defendant's state of mind is rarely available and, consequently, resort must necessarily be had to circumstantial evidence on this element. *See, e.g., Miller v. District Court, supra; People v. Becker,* 187 Colo. 344, 531 P.2d 386 (1975); *Garcia v. People,* 172 Colo. 329, 473 P.2d 169 (1970); *Keller v. People,* 153 Colo. 590, 387 P.2d 421 (1963). In our view, evidence of the circumstances surrounding the issuance of the $759.86 check, including the fact that the amount was almost five times the balance then on deposit in the defendant's account, is sufficient to induce a person of ordinary prudence and caution to a reasonable belief that the defendant had the specific intent to defraud when the check was issued.

---

3. In January of 1982 Mr. Dauty received a check for $5.00 from Sharon Hall and Tom Dickerson, apparently as a partial payment of the balance of the purchase price on the saw. What relationship, if any, exists between the defendant and these two persons is not disclosed by the record.

4. Nor is there any evidence showing that the defendant ever made a subsequent deposit adequate to cover the check upon its presentment to the bank. Under section 18–5–205(8)(b), C.R.S.1973 (1982 Supp.), an inference of the issuer's knowledge of insufficient funds may be drawn when he has insufficient funds upon deposit with the bank to pay the check on presentation within thirty days after issue.

■ The district court erred in concluding that the defendant's subsequent tender of the $200 money order and his promise to pay the balance of the purchase price were sufficient to override any reasonable inference of specific intent to defraud arising from the circumstances surrounding the issuance of the check. It is the defendant's state of mind at the time of the issuance of the check which is determinative of his criminal liability for fraud by check, not his state of mind at some time subsequent to the completion of the transaction. The making of restitution in order to compensate a victim for a loss caused by the accused's past conduct is not a legal defense to a criminal charge based upon that conduct. *See, e.g., Kelley v. People,* 166 Colo. 322, 443 P.2d 734 (1968); *People v. American Health Care, Inc.,* 42 Colo.App. 209, 591 P.2d 1343 (1979). In this case, therefore, neither the defendant's belated, partial payment of the check nor his promise to pay off the balance in the near future serves to negate, as a matter of law, probable cause to believe that the defendant had the specific intent to defraud when the check was issued.

The judgment of dismissal is reversed and the cause is remanded to the district court with directions to reinstate the information and to proceed as provided by law.