**Thomas WILLIAMSON, Jr., by his mother and next friend, Irma WILLIAMSON, and Irma Williamson, Plaintiffs-Appellants,**

v.

**SCHOOL DISTRICT NO. 2, in the County of El Paso, and State of Colorado; and Alfredo Duran, a minor, Defendants-Appellees.**

No. 83CA0838.

Colorado Court of Appeals,
Div. II.

June 28, 1984.

Rehearing Denied Aug. 2, 1984.

Certiorari Denied Feb. 4, 1985.

Lee N. Sternal, Pueblo, for plaintiffs-appellants.

Lee R. Wills, Colorado Springs, for defendant-appellee School Dist. No. 2.

Jeffrey R. Wheeler, Colorado Springs, for defendant-appellee Alfredo Duran.

VAN CISE, Judge.

Plaintiff Thomas Williamson, Jr. (Thomas) and defendant Alfredo Duran (Alfredo), students at Carmel Junior High School, were participants, with others, in a snowball fight on the school grounds. Thomas was hit by a snowball and was blinded in one eye. Thomas and his mother, Irma Williamson, instituted this action, claiming that Alfredo negligently threw the snowball that hit Thomas and that defendant School District No. 2 was negligent in not properly supervising the school grounds.

The jury verdict was for defendants, and judgment was entered accordingly. In response to questions on the special verdict form, the jury answered that both plaintiffs had incurred injuries. It then determined that the school district was not negligent, and that Alfredo was negligent but his negligence was not a cause of plaintiffs' injuries. It further found that Thomas was negligent and that his negligence was a cause of his own injuries. Plaintiffs appeal the judgment. We affirm.

## I.

■ Plaintiffs contend that they are entitled to a new trial because the responses of the jury are inconsistent, in that a finding that Alfredo was negligent cannot be reconciled with its finding that his negligence was not a cause of the plaintiffs' injuries. We do not agree.

As stated in *City of Aurora v. Loveless*, 639 P.2d 1061 (Colo.1981), dealing with similar findings in a special verdict:

"... [T]he special verdicts are not inconsistent on their face. In Colorado a finding of negligence does not create liability on the part of a defendant unless that negligence is a proximate cause of the plaintiff's injury.... Further, questions of negligence and proximate cause are issues of fact to be determined by the jury, and the appellate courts are bound by the jury's findings when there is competent evidence in the record supporting those findings....

. . . .

"An appellate court has a duty to attempt to reconcile the jury's answers to

special verdicts if it is at all possible. . . . 'Where there is a view of the case that makes the jury's answers . . . consistent, they must be resolved that way.' "

■ So viewed, the jury could have found Alfredo negligent for participating in a snowball fight. The jury could also have believed the witnesses who claimed there were too many snowballs thrown simultaneously to tell which one hit Thomas. Therefore, it could have concluded that plaintiffs did not prove that Alfredo was responsible. "Given the possibility, the jury's findings . . . were not inconsistent and are supported by the evidence." *City of Aurora v. Loveless, supra.*

## II.

Plaintiffs next assert that they are entitled to a new trial against the school district. We disagree.

### A.

First, plaintiffs claim that the trial court should have directed a verdict against the school district on the issue of liability. We disagree.

■ A directed verdict is proper only where there are no factual disputes. *Union Supply Co. v. Pust,* 196 Colo. 162, 583 P.2d 276 (1978). Here, as discussed below, there are factual disputes and the trial court was correct not to grant a directed verdict.

### B.

Next, plaintiffs assert that the jury could not have found the school district not negligent based upon the evidence.

It was the school district's policy to provide supervision on the school grounds prior to school commencement. There was also testimony that the school district's policy was to discourage snowball throwing. However, the testimony was conflicting as to whether there was any supervision the morning of the accident. There was also conflicting testimony as to whether a school administrator witnessed the snowball throwing and failed to stop it.

■ The issue of negligence is a matter generally resolved by the trier of fact. Where, as here, the jury makes the finding on conflicting evidence, appellate courts are bound thereby. *Vigil v. Pine,* 176 Colo. 384, 490 P.2d 934 (1971).

## III.

Plaintiffs' final contention is that the trial court's refusal to sequester defendants' witnesses at plaintiffs' request requires reversal. We do not agree.

■ CRE 615 provides: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Therefore, absent the exceptions not pertinent here, sequestration is a matter of right for either litigant. *Martin v. Porak,* 638 P.2d 853 (Colo.App.1981). Thus, the trial court erred in denying the sequestration request. "The trial court's error, however, does not mandate a new trial unless the requesting litigant demonstrates that the error constitutes sufficient prejudice to amount to an abuse of discretion." *Martin v. Porak, supra. See also United States v. Womack,* 654 F.2d 1034 (5th Cir.1981).

Plaintiffs have failed to show sufficient prejudice here to demonstrate an abuse of discretion. They did not move to sequester the defense witnesses until the afternoon of the third day of the trial. Plaintiffs had completed their case-in-chief, and the school district's first witness had testified. The district's two remaining witnesses had little common testimony among them, and there was no indication that the testimony of one was influenced by the testimony of the other. As to Alfredo's two witnesses, himself and a school mate, although the friend's testimony supported Alfredo's, there was no showing that their testimony

would have been any different had they been sequestered at that stage in the trial.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.