M.G. and G.G., as parents and next friends of M.A.G (a minor), Plaintiffs–Appellants,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, CENTRAL REGISTRY, Defendant–Appellee.

No. 99CA1309.

Colorado Court of Appeals, Div. III.

Certiorari Denied Nov. 14, 2000.*

May 25, 2000.

* Judge Kourlis would grant as to the following issues:

Whether the court of appeals erred by determining the language of the Child Protection Act mandates listing of the minor's name on the central registry.

Whether the court of appeals erred by determining the minor was afforded a full and fair hearing.

Pickard & Waters, P.C., Joe Pickard, Doris A. Waters, Denver, Colorado, for Plaintiffs–Appellants

Ken Salazar, Attorney General, Marne J. Klein, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee

Opinion by Judge NEY.

In this action for review of an administrative agency decision, plaintiffs, M.G. and G.G., as parents and next friends of a minor, M.A.G., appeal from a district court judgment in favor of defendant, the Colorado Department of Human Services (department). We affirm.

Pursuant to § 19–3–313, C.R.S.1999, a report concerning severe sexual abuse by M.A.G. of his younger brother, R.G., was forwarded to the department for entry into the Central Registry for Child Protection (central registry). As required by § 19–3–313(5.5), C.R.S.1999, notice of the report was sent to the plaintiffs, and they requested an administrative review before the report, naming M.A.G. as a perpetrator, was placed on the central registry.

After reviewing the report, the director of the central registry notified the plaintiffs of his decision to enter it on the central registry. The plaintiffs then requested a fair hearing pursuant to § 19–3–313(5.5), C.R.S. 1999. At the beginning of the hearing, the parties stipulated that the sexual contact or abuse between M.A.G. and R.G. occurred in April 1997 and that it was reported to the Arapahoe County Department of Social Services in July 1997. The parties further stipulated that the children were 15 and 13 years old respectively at the time of the incident. During the hearing, the plaintiffs presented evidence and argued that, for various reasons, listing the report on the central registry was inconsistent with the stated purpose of the Colorado Children's Code, §§ 19–1–102, et seq., C.R.S.1999 (Code).

The administrative law judge rejected the plaintiffs' arguments, modified the report to reflect minor sexual abuse and a low likelihood of recurrence, and ordered that the report be listed on the central registry. The

department's Office of Appeals affirmed, as did the district court following judicial review pursuant to § 24–4–106, C.R.S.1999.

## I.

The plaintiffs contend on appeal that the report is being maintained in a manner inconsistent with the stated purpose of the Code.

## A.

■ The plaintiffs first argue that listing a minor, who has sexually abused a family member, on the central registry is contrary to the intent of the General Assembly in enacting § 19–3–313, C.R.S.1999. We disagree.

The provisions of the Code must be liberally construed to serve the welfare of the children and the best interests of society. Section 19–1–102(2), C.R.S.1999.

■ In construing a statute, a court must ascertain and give effect to the intent of the General Assembly and adopt the construction that best effectuates the purposes of the statutory scheme. *M.S. v. People*, 812 P.2d 632 (Colo.1991). To determine intent, the court should look first to the language of the statute and give the words their ordinary meaning. *Catholic Charities in Interest of C.C.G.*, 942 P.2d 1380 (Colo.App.1997). If the statutory language is clear, resort to other rules of statutory construction is precluded. *Catholic Charities in Interest of C.C.G., supra.* Finally, it is presumed that the General Assembly favored the public interest over any private interest in enacting the statute. *Smith v. Zufelt*, 880 P.2d 1178 (Colo.1994).

Among the general purposes of the Code are (1) securing for each child, preferably in his or her own home, the care and guidance that will best serve the child's welfare and the interests of society and (2) preserving and strengthening family ties, whenever possible. Section 19–1–102(a) and (b), C.R.S. 1999.

In enacting the Child Protection Act of 1987, §§ 19–3–301, *et seq.*, C.R.S.1999, the General Assembly declared that the *complete reporting* of child abuse was a matter of public concern and that its intent was "to protect the best interests of children of this state and to offer protective services in order to prevent any further harm to a child suffering from abuse." Section 19–3–302, C.R.S. 1999 (emphasis added). To facilitate its intent, the General Assembly provided for mandatory reporting of all known or suspected child abuse or neglect, and it created the central registry for the purpose of maintaining information concerning each case of confirmed child abuse. Sections 19–3–304, 19–3–307, and 19–3–313(1), C.R.S.1999; *Watso v. Department of Social Services*, 841 P.2d 299 (Colo.1992).

Each report of child abuse or neglect must be investigated immediately upon receipt. Section 19–3–308(1), C.R.S.1999; *Watso v. Department of Social Services, supra.* Section 19–3–308, C.R.S.1999, designates the entities responsible for investigating reports of intrafamilial, institutional, or third-party child abuse or neglect, and it sets forth the investigatory procedures and appropriate remedial action depending on the type of child abuse or neglect reported.

Contrary to the plaintiffs' argument, the difference in treatment accorded to reports of intrafamilial child abuse and neglect under § 19–3–308, as compared with that accorded to reports of institutional or third-party child abuse or neglect, cannot be construed to negate the mandatory reporting requirements of the central registry of confirmed child abuse or neglect. *See* §§ 19–3–304, 19–3–307, and 19–3–313(1), C.R.S.1999. To do so would be contrary to the express intent of the General Assembly in enacting the Child Protection Act of 1987—to assure complete reporting of child abuse and neglect in order to protect the best interests of Colorado children and to provide protective services to them. *See Watso v. Department of Social Services, supra.*

■ We also reject plaintiffs' argument that listing intrafamilial child abuse or neglect on the central registry tends to disrupt a family rather than to preserve it, and that, therefore, it violates the purposes of the Code set forth in § 19–1–102. It is the act of child abuse or neglect itself that is damaging

to the family, not the listing of the report on the central registry.

Thus, we conclude that the report of intrafamilial child abuse here is being maintained in a manner consistent with the Code.

### B.

■ The plaintiffs also argue that the listing of a minor on the central registry violates the express purposes of the Code because it causes extreme emotional distress that is tantamount to child abuse. We are unpersuaded.

As previously discussed, the Child Protection Act of 1987(Act) serves both protective and remedial purposes by creating a complete central registry. There is nothing in the language of the Act to suggest that the General Assembly intended to exclude from the registry the names of minors who are perpetrators of child abuse and neglect simply because such listing may cause some emotional distress.

Furthermore, under § 19–3–308(4)(a) and (5), the county department of human services and the local law enforcement agency are given access to the central registry for the purpose of investigating reports of intrafamilial child abuse or neglect. Thus, to exclude reports of child abuse perpetrated by minors from the central registry would undermine the investigative, protective, and remedial purposes of the Act.

The plain wording of the Act provides for no discretion in the listing of perpetrators on the central registry. It provides for no exception for any minor and, in the case of sexual abuse, provides for the listing in perpetuity. See § 19–3–313(7)(b)(III), C.R.S. 1999. There may very well be worthy policy reasons to avoid the blanket listing of child perpetrators in perpetuity on the registry; however, such change must come from the General Assembly, not the court.

### II.

The plaintiffs next assert that two procedural errors deprived them of a full and fair hearing.

### A.

■ First, the plaintiffs contend that the administrative law judge (ALJ) erred in sequestering G.G., M.A.G.'s father, during the fair hearing. They argue that M.A.G., as a minor, was entitled to have both of his parents present with him during the hearing, even though his father was a witness. We find no error.

The Colorado Rules of Civil Procedure and the Colorado Rules of Evidence apply to the extent practicable in administrative hearings. Department of Personnel, Division of Administrative Hearings Rule 14 and Rule 15, 1 Code Colo. Reg. 104–1.

C.R.C.P. 17(c) provides that, if an infant has a representative, the representative may sue or defend on behalf of the infant; if an infant does not have a representative, the infant may sue by his or her next friend. Additionally, the Department of Human Services Rule No. 3.850.15, 9 Code Colo. Reg. 2503–1, provides that a party to a fair hearing may be represented by an authorized representative, such as legal counsel or a relative.

Here, the ALJ, upon the department's request, sequestered the witnesses, including G.G., in accordance with CRE 615. *See Martin v. Porak*, 638 P.2d 853 (Colo.App.1981). During the hearing, M.A.G. was represented by counsel, and M.A.G.'s mother remained with him throughout the hearing.

We can find no authority, nor have the plaintiffs cited any, that requires the presence of both parents at an administrative hearing concerning a minor. Thus, we find no error in the ALJ's order of sequestration here. *See* CRE 615; C.R.C.P. 17(c); Department of Human Services Rule No. 3.850.15, 9 Code Colo. Reg. 2503–1.

### B.

■ Second, the plaintiffs contend that the ALJ erred in refusing to qualify their witness, an attorney, as an expert. We conclude that the error, if any, was harmless.

The plaintiffs proffered the attorney as an expert in matters relating to the Code, the purpose of the Code, and, in particular, the

interpretation of §§ 19–3–308 and 19–3–313, C.R.S.1999. In sustaining the department's objection to qualification of the attorney as an expert, the ALJ ruled that the attorney could testify as to his interpretation of the Code and that he could testify on an opinion basis.

Our review of the record reveals that the attorney did, in fact, testify as an expert. The attorney opined that the emotional impact of listing a minor as a perpetrator on the central registry constituted child abuse. He further testified that, in his opinion, the General Assembly did not intend that minors be listed as perpetrators on the central registry and that caution should be used in listing reports of intrafamilial sexual abuse on the registry. Thus, in the absence of any prejudice as a result of the ruling, we find no reversible error. *See People in Interest of M.S.H.,* 656 P.2d 1294 (Colo.1983).

### III.

Lastly, the plaintiffs contend that the district court judgment and the final agency decision are erroneous in that they are based on the ALJ's findings of fact which are not supported by the evidence. Again, we disagree.

 Following the fair hearing, the ALJ must determine "whether the record of the report is accurate and [whether] there is a preponderance of evidence to support a finding of child abuse or neglect so that the subject's name should be placed on the registry as a perpetrator." Section 19–3–313(5.5)(b)(I), C.R.S.1999.

An agency decision may only be set aside if the findings of fact on which it is based are clearly erroneous or unsupported by substantial evidence when the record is considered as whole. Section 24–4–106(7), C.R.S.1999; *Public Employees' Retirement Ass'n v. Stermole,* 874 P.2d 444 (Colo.App. 1993).

Here, the facts to which the parties stipulated show that the report, as modified by the ALJ, is accurate, and these facts are sufficient to support, by a preponderance of the evidence, a finding of child abuse. The findings concerning the accuracy of the diag-

nosis and treatment of M.A.G.'s emotional and/or mental condition are irrelevant to a determination of whether a subject's name should be placed on the registry as a perpetrator. *See* § 19–3–313(5.5)(b)(I). Thus, the record as a whole supports the findings of fact, and the district court judgment and final agency order will not be disturbed on review. *See* Section 24–4–106(7), C.R.S.1999; *Public Employees' Retirement Ass'n v. Stermole, supra.*

The judgment is affirmed.

Judge DAVIDSON and Judge ROY concur.