## No. 28429

## The People of the State of Colorado v. Max J. Rael

(612 P.2d 1095)

Decided February 19, 1980.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Robert Breindel, Deputy, for defendant-appellant.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Defendant appeals his convictions of first-degree burglary and first-degree assault. We affirm.

When two off-duty police officers were leaving a donut shop, they heard the sound of breaking glass coming from a nearby gasoline station. They immediately went to the scene and observed that a window had been broken. One officer noticed the movement of a shadow inside the gasoline station and a person, later identified as the defendant, ran from the gas station. The officers took pursuit and one of the officers caught the defendant. A struggle ensued, during which the defendant gained possession of one officer's service revolver, and then shot both officers. One officer received three wounds and was hospitalized. The other officer was shot once but was not seriously injured as he was wearing a flak vest.

As a result of this incident, defendant was charged with first-degree burglary and first-degree assault. Defendant pled not guilty and not guilty by reason of insanity.

A separate sanity trial was conducted. The defendant was brought to the trial, in the presence of the venire, in handcuffs. The defendant moved for a mistrial which was denied by the trial court on the ground that the incident was not unduly prejudicial. The jury found the defendant to have been sane at the time of the alleged crimes.

Before trial, defendant moved to strike one of the charges. This motion was denied. At the jury trial, after both sides had rested, the defendant moved to compel the prosecution to elect only one of these charges to be submitted to the jury. This motion was also denied.

On this appeal, two issues are presented: (1) whether the defendant has preserved the question of the district court's alleged error in failing to grant defendant's motion for a mistrial after he was brought to the sanity trial in handcuffs and in the presence of the venire; and (2) whether the district court erred in not striking either the first-degree burglary charge or the first-degree assault charge.

I.

Although the defendant filed motions for a new trial at the conclusion of both the sanity trial and the main trial, he did not contend in the motions that he had been denied a fair trial as a result of being brought into the courtroom in handcuffs at the sanity trial. Under Crim. P. 33(a), a party must raise an issue in a motion for a new trial in order for an appellate court to review the alleged error. Since defendant failed to comply with this rule, we are precluded from considering the matter absent "plain error."

The plain error rule, as set forth in Crim. P. 52(b), provides that "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." A denial of a fair trial occurs where a defendant appears before a jury[1] in handcuffs when the exposure was unnecessary and prejudicial. *McLean v. People,* 172 Colo. 338, 473 P.2d 715 (1970). We cannot conclude from the record before us that the defendant was prejudiced in this case, and thus we cannot hold that "plain error" or a "defect affecting substantial rights" exists.

The only reference to the incident in the record before us is a minute order entered by the trial court which states: "Defendant is brought over from the jail handcuffed in the presence of the venire." The defendant did not designate a transcript of the sanity trial as part of the record on appeal. There is no indication in the record before us whether the defendant was paraded in front of the venire in handcuffs or was inconspicuously brought into the courtroom. Consequently, there is no way of determining if any of the jurors actually saw the defendant while he was handcuffed. We also cannot ascertain if the defendant requested to voir dire the panel of jurors. There is no indication that the district court gave a cautionary instruction to the venire or the impaneled jurors. "It is only when error is in some way preserved on the record that this court can take some action." *Pieramico v. People,* 173 Colo. 276, 282, 478 P.2d 304, 307 (1970).

---

[1] No previous decision of this court has expanded the rule to encompass a sanity trial, nor do we extend the rule in this case as the question whether the defendant was denied a fair sanity trial, and thus a fair trial generally, has not been preserved.

## II.

■ The defendant next argues that his conviction for both first-degree assault and first-degree burglary violate the constitutional guarantee against double jeopardy. *U.S. Const.* amend. V; *Colo. Const.* Art. II, Sec. 18. The test for merger of offenses under the double jeopardy clause has been laid down by the Supreme Court of the United States in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . ."

Here, the defendant was charged with first-degree assault under section 18-3-202(1)(d), C.R.S. 1973, which states:

"(1)   A person commits the crime of assault in the first degree if:

(d)   In the course of and in furtherance of the commission or attempted commission of . . . burglary . . . or of immediate flight from [this crime], he causes serious bodily injury to another person who is not a participant in the commission of the crime."

The defendant was also charged with first-degree burglary under section 18-4-202(1), C.R.S. 1973, which states:

"A person commits first degree burglary if he knowingly enters and remains unlawfully in a building or occupied structure with the intent to commit a crime . . . against a person or property, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person . . . ."

■ The trial court correctly noted and instructed the jury that first-degree assault requires proof of serious bodily injury, which first-degree burglary does not, and first-degree burglary as charged requires proof of the intent to cause bodily harm, which the form of first-degree assault charged here does not.[2]  Thus, both crimes require proof of an additional fact not necessary in proof of the other. The *Blockburger* test having been satisfied, the trial court did not err in entering convictions for both offenses.

Judgment affirmed.

---

[2] The form of first-degree assault charged in this case, unlike other forms of first-degree assault, does not have an intent element. The intent element is replaced by the fact that the injury is caused during the commission or inflight from another delineated felony. *Cf.* section 18-3-102(b), C.R.S. 1973 (now in 1978 Repl. Vol. 8) (first-degree felony murder does not require proof of intent and deliberation).