The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles Stephen SHARROCK,
Defendant-Appellant.

No. 83CA0652.

Colorado Court of Appeals,
Div. III.

Oct. 31, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Johnson & McLachlan, Larry Stutler, Lamar, for defendant-appellant.

BERMAN, Judge.

Defendant, Charles Stephen Sharrock, appeals from the judgment of conviction entered on a jury verdict finding him guilty of possession of contraband and attempt to escape. We affirm.

I.

Sharrock first contends that he was prejudiced and denied a fair trial because pro-

spective jurors may have observed him in leg restraints. We disagree.

Just prior to the trial, Sharrock was transported from the county jail to the courthouse in leg restraints. Before the restraints were removed, Sharrock may have been observed by prospective jurors when he walked past the courtroom door on his way to the men's restroom. The record indicates that this exposure was momentary, inadvertent, and occurred in spite of efforts to advise the sheriff's deputy to remove the restraints in the elevator. It was not established that any prospective juror actually saw Sharrock in the restraints.

■ Because Sharrock did not move for a mistrial nor make any contemporaneous objection at the time of this incident, the alleged error will not be considered on appeal unless it was plain error affecting the substantial rights of the defendant. *See People v. Constant,* 645 P.2d 843 (Colo. 1982); *People v. Rael,* 199 Colo. 201, 612 P.2d 1095 (1980).

■ Sharrock was charged with attempt to escape and his transportation in restraints was necessitated by the interest of preventing additional attempts to escape, as well as the interest in public safety. *See People v. Dillon,* 655 P.2d 841 (Colo.1982). A denial of a fair trial occurs only when a defendant appears before a jury in restraints and the exposure was unnecessary and prejudicial. *People v. Dillon, supra.* Considering the need for security, the failure of Sharrock to demonstrate that he had been seen by any prospective juror, and the inadvertent and momentary nature of the exposure, we conclude that there was no plain error affecting Sharrock's substantial rights.

## II.

Sharrock next contends that the admission into evidence of a written hearsay statement violated his constitutional right to confront the witnesses against him. We disagree.

The written statement was made by a prisoner who had observed Sharrock attempt to escape. At trial this witness testified that the incident had occurred two weeks earlier than it actually had, and then, when questioned about this date, testified that he did not remember when the incident had occurred. The witness' recollection was refreshed by referring to his written statement and subsequently this statement was introduced into evidence over Sharrock's objection that it constituted hearsay.

■ The statement was consistent with the witness' testimony after his recollection had been refreshed and was not offered "to rebut an express or implied charge against him of recent fabrication or improper influence or motive." CRE 801(d)(1)(B). The statement was therefore hearsay and should not have been received into evidence. CRE 802.

Under the facts and circumstances of this case, however, the admission of the statement did not deny Sharrock his right to confront witnesses against him in violation of either Colo. Const. art. II, § 16, nor the Sixth Amendment. The witness testified under oath and was thoroughly cross-examined by Sharrock's attorney. The jury had the opportunity to observe the witness' demeanor and the statement did not contain any information which was not the subject of his examination and cross-examination. Hence, the constitutional requirement of face-to-face confrontation was met. *See California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *People v. Dement,* 661 P.2d 675 (Colo.1983).

The mere fact that the jurors were able to read the statement during their deliberations did not, as Sharrock argues, violate his rights of confrontation. The statement was merely cumulative of Sharrock's testimony and the error in its admission was harmless. *See People v. Manier,* 184 Colo. 44, 518 P.2d 811 (1974).

Judgment affirmed.

TURSI and METZGER, JJ., concur.