**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

**v.**

**Mark Francis CARRIER,**
**Defendant–Appellant.**

**No. 88CA0434.**

Colorado Court of Appeals,
Div. V.

Jan. 11, 1990.

Rehearing Denied Feb. 15, 1990.

Certiorari Denied May 14, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Mark Francis Carrier, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of attempted murder and crime of violence premised upon the stabbing of his wife and her father. We affirm.

Defendant's wife moved with the party's children to her parents' home as a result of marital discord. Thereafter, defendant and his wife met for dinner during which she stated that she would resume living with defendant. However, when defendant arrived the next morning at her parent's home, his wife stated that she would not reconcile. At that point, defendant pulled out a knife.

Conflicting testimony described the events that followed. However, it is undisputed that the wife was stabbed four times, receiving serious wounds in the chest, the back, and the arm. Her father was stabbed twice, once in the abdomen and once in the back. Both victims required extensive surgical intervention.

I.

■ Defendant first contends that the trial court erred in admitting photographs that showed the surgical scars of the victims. We disagree.

The prosecution offered the photographs as probative of the extent of the injuries, an element of the crime of violence charges. Defendant offered to stipulate to gross bodily injury, but the prosecution declined the offer. Defendant then asserted that, in light of the offered stipulation, the probative value of the photographs was outweighed by their prejudicial impact.

Although the trial court ruled the pictures admissible without elaboration, implicit in its ruling is a finding that the photographs are relevant and not unfairly prejudicial. It is within the discretion of the trial court to determine the relevancy and potential for prejudice of photographs, and the court's decision may be reversed only upon a showing of an abuse of that discretion. *People v. Viduya*, 703 P.2d 1281 (Colo.1985).

Our review of the photographs does not convince us that the trial court abused its discretion. Also, the fact that the defendant offered to stipulate to the issues for which the photographs were offered does not render the photographs inadmissible. *People v. White*, 199 Colo. 82, 606 P.2d 847 (1980).

II.

■ Defendant next contends that the remarks of the prosecution during rebuttal argument unfairly prejudiced the defendant. We disagree.

The first comment concerned the fact that the defense had requested and received several lesser included offense instructions. Defendant objected to this statement, and the trial court instructed the jury that it was the trial court's duty, not defense counsel's, to give instructions to the jury.

■ A curative instruction is generally sufficient to overcome an error, and an instruction is inadequate only when a comment is so prejudicial that, but for the comment, the jury might not have found the defendant guilty. *See People v. Gillispie*, 767 P.2d 778 (Colo.App.1988). While we discourage comments that may mislead the jury in its deliberations, *see* 1 ABA, *Standards for Criminal Justice*, Standard 3–5.8(b) (2d ed. 1980), in view of the curative instruction, we find no reversible error.

■ Defendant also contends that the prosecutor improperly expressed his opinion that the defendant lied. We disagree.

The prosecutor's remarks were tantamount to a comment on the circumstances casting doubt on the defendant's testimony. *See Wilson v. People,* 743 P.2d 415 (Colo.1987).

### III.

■ Defendant finally contends that the trial court erred in refusing to instruct that heat of passion is an affirmative defense to first and second degree murder. We disagree.

The General Assembly determines the legal components of criminal liability and then decides what circumstances will constitute justification or excuse for criminal conduct. *People v. Low,* 732 P.2d 622 (Colo.1987). Heat of passion is not included as an affirmative defense specified by the General Assembly in the criminal code. *See* §§ 18–1–701 to 18–1–710, C.R.S. (1986 Repl.Vol. 8B).

The offense of manslaughter may be committed by causing a death under the influence of a sudden heat of passion. *See* § 18–3–104, C.R.S. (1986 Repl.Vol. 8B). Similarly, the classifications of the crime of assault in the first degree or assault in the second degree may be reduced to either a class 5 felony or a class 1 misdemeanor, respectively, if the assault was committed under the influence of a sudden heat of passion. *See* § 18–3–202(2)(a); § 18–3–203(2)(a), C.R.S. (1986 Repl.Vol. 8B). Hence, heat of passion is an element of these offenses and was properly treated as such in the instructions. However, it does not thereby become an affirmative defense to other offenses.

The trial court, therefore, properly refused the tendered instructions as an incorrect statement of the law. *See People v. Bossert,* 722 P.2d 998 (Colo.1986).

The defendant's other contentions lack merit.

The judgment is affirmed.

JONES and DUBOFSKY, JJ., concur.