**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Phillip R. MOORE, Defendant–
Appellant.**

**No. 89CA1509.**

Colorado Court of Appeals,
Div. III.

Jan. 14, 1993.

Rehearing Denied April 15, 1993.

Certiorari Granted Oct. 18, 1993.

Cross–Petition for Writ of
Certiorari Denied (Moore) Oct. 18, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Phillip R. Moore, was convicted of attempted second degree murder, first degree assault under provocation, three counts of sexual assault on a child, and three associated counts of crimes of violence. He asserts that: (1) the jurors' findings of guilt of attempted second degree murder and of first degree assault under provocation are inconsistent; (2) because of the manner in which he was charged, the sexual assaults here were lesser included offenses of the charge of first degree assault; and (3) that the court committed prejudicial instructional error in submitting the first degree assault charge to the jury. We affirm defendant's conviction of attempted second degree murder and the associated crime of violence count, but reverse his other convictions and remand the other charges for a new trial.

On the date of the incidents upon which the charges were based, defendant was present with his wife and two small children in their apartment. Initially, he and his wife were together in their bedroom,

while the two children were in an adjoining sitting room watching television.

For reasons which were disputed at trial, defendant began physically assaulting the wife, and this beating continued for an extended period. At one point, defendant called his 12–year old daughter into the bedroom with his wife and him and, while he watched, forced the wife to commit a sexual assault upon the daughter.

After compelling the wife to commit this sexual assault, defendant continued to beat upon her. Ultimately, she was rendered unconscious, emergency personnel were called, and she was transported to the hospital where she nearly succumbed from her injuries.

Based upon these events, the People charged defendant with numerous offenses. After all the evidence was received, however, three principal charges were presented to the jury—attempted second degree murder by knowingly, but without deliberation, attempting to cause his wife's death, *see* § 18–2–101(1), C.R.S. (1986 Repl.Vol. 8B) and § 18–3–103, C.R.S. (1986 Repl.Vol. 8B); first degree assault by causing serious bodily injury to his wife while committing or attempting to commit felony sexual assault on his daughter, § 18–3–202(1)(d), C.R.S. (1986 Repl.Vol. 8B); and, while in a position of trust, knowingly subjecting his daughter to a sexual assault by use of force. Sections 18–3–405(1) and 18–3–405(2)(a) and (b), C.R.S. (1986 Repl.Vol. 8B). In addition, with respect to each of these three substantive charges, an associated crime of violence charge was submitted to the jury. *See* § 16–11–309, C.R.S. (1986 Repl.Vol. 8A).

Defendant's evidence was that the beating of his wife commenced when he discovered her in the bedroom using a dildo upon herself and that he became irate at this scene. Thus, he asserted that any assault upon her occurred during a sudden heat of passion, caused by his wife's highly provoking act, as described in § 18–3–202(2)(a), C.R.S. (1986 Repl.Vol. 8B).

The jury returned guilty verdicts as to all counts. However, with respect to the first degree assault charge, the jurors found that defendant committed this offense under provocation.

## I. Attempted Second Degree Murder

Defendant asserts that the jury's finding that he committed first degree assault while under provocation is inconsistent with its finding of guilt upon the attempted second degree murder charge. He argues, therefore, that his conviction of this offense must be set aside or, alternatively, that it must be reduced to attempted heat of passion manslaughter under § 18–3–104, C.R.S. (1986 Repl.Vol. 8B). We disagree for three reasons.

■ First, the General Assembly has not provided that heat of passion resulting from provocation is a defense either to first or second degree murder. It is not, therefore, applicable to such a charge. *People v. Carrier,* 791 P.2d 1204 (Colo.App.1990). Hence, there is no inconsistency between the two verdicts actually returned by the jury.

■ Second, even if we were to assume that the evidence of provocation here might have supported a lesser included offense instruction on attempted heat of passion manslaughter under § 18–3–104(1)(c), C.R.S. (1986 Repl.Vol. 8B), such an instruction is not required to be given unless there is a request for it. *See People v. Romero,* 694 P.2d 1256 (Colo.1985). And, if, as here, there is *no such request,* it will be presumed that the defendant elected to take his or her chances on an outright acquittal. *See People v. Aalbu,* 696 P.2d 796 (Colo. 1985).

■ Finally, if the evidence permits the verdicts to be reconciled, they may not be considered to be inconsistent. *See Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981); *People v. Jones,* 832 P.2d 1036 (Colo.App. 1991). Such is the case here.

As we note in greater detail below, the People's charge of first degree assault was based upon the serious bodily injury suffered by the wife while defendant was compelling her to commit a sexual assault upon their daughter. After this episode ended,

however, defendant continued to beat his wife, rendering her unconscious.

Given these factual circumstances, the jury could have determined that the wife's actions provoked her first beating and the resulting assault upon the child. The jurors also could have determined, however, that, by the time that the sexual assault upon the child had been completed and defendant began again to assault his wife, the effect of the wife's prior provocation had been entirely dissipated and that it was at this point that defendant knowingly attempted to kill her.

Defendant's convictions of attempted second degree murder and the associated crime of violence, therefore, will be affirmed.

## II. Sexual Assaults

■ Defendant also asserts that, because of the nature of the offenses with which defendant was charged in this case, the three counts of sexual assault on a child, all of which were based upon but a single incident, were lesser included offenses of the first degree assault charge. We agree.

Section 18–3–202(1), C.R.S. (1986 Repl. Vol. 8B) contains six sub-subsections, each describing a different method whereby a person may commit the crime of first degree assault. In several respects, it is similar both in concept and in structure to the statute that sets forth five methods by which the singular crime of first degree murder may be committed. See § 18–3–102(1)(a), (c), and (d), C.R.S. (1986 Repl.Vol. 8B) and § 18–3–102(1)(b) and (e), C.R.S. (1992 Cum.Supp.).

Of the six methods of committing first degree assault, four require the specific intent to cause serious bodily injury or disfigurement. Section 18–3–202(1)(a), (b), (e), and (f), C.R.S. (1986 Repl.Vol. 8B). Two such methods require no such intent, § 18–3–202(1)(c) and (d), C.R.S. (1986 Repl. Vol. 8B), and defendant was charged under one of these latter sub-subsections.

Under § 18–3–202(1)(d), pursuant to which defendant was charged, first degree assault is committed if, during the actor's commission or attempt to commit certain specified felonies (including a class 3 felony sexual assault on a child), serious bodily injury is caused to *any* other person. Here, it was charged that the wife suffered serious bodily injury while defendant was committing a class 3 felony sexual assault upon his daughter.

Pursuant to the statute under which defendant was charged, therefore, in order to convict defendant of first degree assault the People had to prove that he committed, or attempted to commit, a class 3 felony sexual assault on his daughter and to prove that his wife received serious injury during his commission or his attempt to commit this felony. Under such circumstances, we conclude that the underlying predicate offense of sexual assault on a child is a lesser included offense of the crime of first degree assault.

The provisions of the first degree assault statute with which defendant was charged are substantially identical, except for the result required, to § 18–3–102(1)(b), C.R.S. (1986 Repl.Vol. 8B), the "felony murder" statute. See People v. Brewer, 720 P.2d 596 (Colo.App.1985). Under each statute, it must be established that another person received physical injuries during the course of a defendant's commission or attempt to commit one of several specified felonies— and a class 3 felony sexual assault on a child is one of the predicate offenses specified in both statutes. No specific intent is required under either statute, but if any person suffers serious bodily injury during the commission or attempted commission of one of the predicate offenses, the crime is that of first degree assault, while if death results, first degree murder is committed.

We emphasize the similarities between these two statutes because of our supreme court's opinion in People v. Bartowsheski, 661 P.2d 235 (Colo.1983), which construed the felony murder statute. In that case, the supreme court noted the provisions of § 18–1–408, C.R.S. (1986 Repl.Vol. 8B), which prohibit the conviction of more than one offense arising out of the same conduct, if one offense is included within an-

other, *i.e.*, if the included offense "is established by proof of the same or less than all of the facts required to establish the commission of [another] offense charged." It then noted that, to convict under the felony murder statute, it is necessary to establish all of the elements of the charged predicate offense, robbery in that case.

Accordingly, it concluded that:

It is clear that the charge of felony murder based upon the causation of the robbery victim's death, either in the course of or in the course of immediate flight therefrom, requires proof of the very same elements essential to the charge of robbery. Under these circumstances the defendant's conviction of the greater offense of felony murder, predicated as it is upon his killing of the robbery victim, precludes his simultaneous conviction of the lesser included offense of robbery. *People v. Bartowsheski, supra,* at 246.

*See also Boulies v. People,* 770 P.2d 1274 (Colo.1989) (separate convictions of felony murder and aggravated robbery are impermissible under double jeopardy clauses).

More recently, the *Bartowsheski* rationale has been reaffirmed in *People v. Henderson,* 810 P.2d 1058 (Colo.1991). There, the court distinguished between statutes like the felony murder statute, which require proof of the predicate offense in order to *convict* of the charged offense, from those statutes such as the kidnapping statute involved in *Henderson,* § 18–3–302(3)(a), C.R.S. (1986 Repl.Vol. 8B), which do not require proof of the predicate offense in order to convict of the greater offense but merely cause the *sentence* for the charged offense to be increased.

Here, the same rationale employed by our supreme court in reviewing the felony murder statute in *Bartowsheski* and *Boulies* leads us to conclude that, because defendant could not have been convicted of first degree assault as charged without proof that he committed a class 3 felony sexual assault on his daughter, the latter offense was one which was included within the first degree assault charge. He could not, therefore, be convicted of both offenses. *See* § 18–1–408, C.R.S. (1986 Repl. Vol. 8B).

In reaching this conclusion, we are not unmindful of the decision in *People v. Rael,* 199 Colo. 201, 612 P.2d 1095 (1980), in which our supreme court held that a charge of burglary was not an offense that was included within the charge of first degree assault under the same statutory provision with which defendant here was charged. However, the court in that case did not address the requirement of § 18–3–202(1)(d) for proof of the predicate offense in order to convict of first degree assault. Moreover, the opinion in *Rael* came before the adoption by the supreme court of the *Bartowsheski–Boulies* analysis. In our view, *Rael*'s conclusion was effectively undermined by these later decisions.

Hence, because defendant here was convicted under § 18–3–202(1)(d), he could not also be convicted of the underlying sexual assault.

### III. First Degree Assault

We also agree with defendant that the trial court committed prejudicial error in instructing the jury upon both the first degree assault charge and the sexual assault charge.

As noted, defendant was not charged with assaulting his wife with the intent to cause her serious bodily injury. Likewise, the evidence demonstrated that defendant did not directly assault his minor daughter. Rather, it was the People's theory of prosecution that defendant physically assaulted his wife to compel her to commit a sexual assault upon their daughter and that it was during this latter assault that the wife received her injuries.

The evidence supports the People's theory that defendant forced his wife to commit a sexual assault upon their daughter. Hence, he could be adjudged guilty of this offense because of the provisions of § 18–1–602, C.R.S. (1986 Repl.Vol. 8B). That statute provides that a person is legally accountable for the behavior of another if that person "causes an innocent person to engage in such behavior" through "du-

**554**

ress." *See also COLJI–Crim.* 6:03 (1983); *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977). *See generally* W. LaFave, *Criminal Law* § 49 (1972).

The jury, however, was not instructed upon this concept. Rather, a complicity instruction, based upon § 18–1–603, C.R.S. (1986 Repl.Vol. 6B), was given. *See COL-JI–Crim.* 6:04 (1983).

Under this instruction, the jury was advised that, in order to convict, it must find that another "person [the wife] *intended* to commit" the crime of sexual assault on a child, that defendant "must have had knowledge" that this other person *"intended* to commit that crime", and that the defendant did "intentionally aid, abet, advise, or encourage" that other person in the commission of this crime.

■ However, the evidence here could not justify any finding that the wife voluntarily committed a sexual assault on her daughter or that defendant's actions were designed to aid her in carrying out any such intent. The complicity instruction, therefore, was not justified by the evidence, and the trial court erred in giving it.

Hence, defendant's conviction of first degree assault must be reversed and the cause remanded to the trial court for a new trial.

### IV. Retrial

Even though the sexual assault charges here are lesser included offenses of the first degree assault charge, because we reverse defendant's conviction of first degree assault based on instructional error, we shall remand all of these charges, together with their associated crime of violence charges, to the trial court for retrial, if the People elect to retry defendant on all of them. As we have previously concluded, however, defendant cannot be convicted both of first degree assault and of the underlying sexual assault charges.

Further, although defendant was charged with three counts of sexual assault on a child, the parties agree that, even if the jury properly returns guilty verdicts on more than one of these three counts, defen-

dant can be subjected only to a single conviction. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983). Imposition of concurrent sentences is not a sufficient response to multiple convictions under *Lowe.*

### V. Other Issues

Because the issues may arise on any retrial of the remanded charges, we also address the following subjects:

#### A.

■ We reject defendant's assertion that the trial court erred in denying his request for discovery of his minor daughter's psychotherapy records.

Even if we assume that, in some instances, the constitutional right of confrontation may overcome the statutory privilege here involved, *cf. People v. District Court,* 719 P.2d 722 (Colo.1986), such could occur only if the minor victim's post-assault mental condition is critical to a claim or an affirmative defense. Such was not the case here.

Hence, defendant had no right to review those records.

#### B.

At defendant's trial, his daughter testified, but his younger son did not. In each case, however, the trial court admitted videotapes of a statement given by each in interviews conducted by a social worker and an investigator shortly after the incident. We reject defendant's assertion that the admission of either was error.

Section 13–25–129(1), C.R.S. (1987 Repl. Vol. 6A) authorizes the receipt of a child's out-of-court statement describing an act of sexual contact, intrusion, or penetration performed with, by, or within the presence of that child under circumstances described by that statute. In all instances, the court must make a finding that the statement is reliable. In addition, if the child declarant does not testify, because of the child's unavailability, the court must also find that there is other "corroborative evidence" of the act described. *See Stevens v. People,* 796 P.2d 946 (Colo.1990).

Defendant here does not challenge the trial court's determination that defendant's son was unavailable within the meaning of § 13–25–129(1). Likewise, because his wife testified to the sexual assault upon the daughter, there was independent corroborating evidence of the act described in the two videotapes.

However, defendant asserts that the trial court erred in finding that these two statements were reliable and, particularly, in not passing upon the younger child's competency under § 13–90–106(1)(b), C.R.S. (1987 Repl.Vol. 6A). We disagree.

■ First, § 13–25–129(1) does not require that the child declarant be determined to be competent in order for that declarant's statement to be admissible. *See People v. Bowers*, 801 P.2d 511 (Colo. 1990) (child's incompetency rendered the child unavailable for purposes of § 13–25–129). Of course, some of the same factors which must be considered to determine whether the child's statement is reliable under § 13–25–129 are also factors which properly should be considered in determining the child's competency. However, if the trial court's findings respecting the factors that should properly be considered, *see People v. District Court*, 776 P.2d 1083 (Colo.1989), are supported by the evidence, so that the reliability requirement of the statute is met, an explicit determination of the child's competency is unnecessary. *See People v. Bowers, supra.*

■ Here, both the children's statements were made shortly after the sexual assault, the statements made by them during the course of their videotaped interviews used age-appropriate language, they were made in response to nonleading questions, and while each displayed some reluctance to discuss sexual matters, their demeanor during the course of the interviews reinforced their reliability.

Hence, we conclude that the trial court's admission of these statements was supported by the facts presented to it and by its explicit findings. The court committed no error, therefore, in admitting the two videotapes of the interviews.

The judgments of conviction of attempted second degree murder and of the associated crime of violence are affirmed. The remaining judgments of conviction are reversed, and the cause is remanded to the trial court for a new trial upon those charges in accordance with the views expressed in this opinion.

SMITH and ROTHENBERG, JJ., concur.

## ON PETITIONS FOR REHEARING

Judge ROTHENBERG dissenting in part from the denial of the Plaintiff–Appellee's petition for rehearing.

I would grant the Plaintiff–Appellee's petition for rehearing on Part II of the majority opinion. I continue to agree, however, with the views expressed in the remainder of that opinion.

In *People v. Rael*, 199 Colo. 201, 612 P.2d 1095 (1980), the defendant was charged with the same section of the first degree assault statute as is involved here and also was charged with the predicate offense of first degree burglary. After being convicted of both first degree assault and first degree burglary, Rael appealed, claiming that he could not be convicted of both offenses since they had merged.

Our supreme court rejected his contention that there had been a merger. It stated:

> [F]irst-degree assault requires proof of serious bodily injury, which first-degree burglary does not, and first-degree burglary as charged requires proof of the intent to cause bodily harm, which the form of first-degree assault charged here does not. Thus, both crimes require proof of an additional fact not necessary in proof of the other. *People v. Rael*, 199 Colo. at 204, 612 P.2d at 1097.

Similarly, here, first degree assault requires the element of serious bodily injury which is not an element of sexual assault on a child, and sexual assault requires proof of sexual contact with a minor child which is an element not contained in the crime of first degree assault. Thus, I con-

**556**

clude *Rael,* is dispositive of defendant's assertion that his two convictions merged.

Nor am I persuaded that *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983) and *Boulies v. People,* 770 P.2d 1274 (Colo. 1989) have eroded the vitality of *Rael* and now require a different result.

In *Bartowsheski* and *Boulies,* our supreme court held that the lesser crimes of robbery and aggravated robbery merged into the greater crimes of first degree felony murder. However, the felony murder statute reflects a policy judgment by the General Assembly that a person who engages in inherently dangerous conduct which results in the death of another will be punished in accordance with the serious results of that conduct, even if the death was an unintended consequence of the original behavior.

Here, the felony murder statute is not involved. And, in contrast to the circumstances at issue in *Bartowsheski* and *Boulies,* the defendant here claims that his conviction for sexual assault on a child, a class three felony in violation of § 18–3–405, C.R.S. (1988 Repl. Vol. 8B), is a lesser included offense and therefore merges into his conviction for first degree assault committed under provocation, a class five felony in violation of § 18–3–202, C.R.S. (1988 Repl. Vol. 8B).

Defendant cites to no authority in any jurisdiction that has upheld the anomalous result of allowing a more severe felony to be categorized as an included offense of a less severe felony. By definition, lesser included crimes have always been crimes of lesser seriousness, not merely crimes with fewer included elements. *See People v. Skinner,* 825 P.2d 1045 (Colo.App.1991). *Cf. People v. Henderson,* 810 P.2d 1058 (Colo.1991) (sex assault not a lesser included crime of second degree kidnapping).

In summary, given the important factual distinctions between *Rael* and the *Bartowsheski–Boulies* line of cases, I am not persuaded that our supreme court has implicitly overruled *Rael.* I also cannot see how a class three felony logically can merge into a class five felony as a lesser included offense.

I therefore would hold that, by application of *People v. Rael, supra,* the defendant's conviction here for sexual assault on a child is not a lesser included offense of his conviction for first degree assault. Thus, I would not reverse the sexual assault on a child conviction on that basis.