Jerome W. WALKER, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 95SC260.

Supreme Court of Colorado,
En Banc.

Jan. 27, 1997.

Rehearing Denied Feb. 18, 1997.

■■■■■■■■■■■■■■■■■■■■

---

David F. Vela, Colorado State Public Defender, James Grimaldi and Karen N. Taylor, Deputy State Public Defenders, Denver, for Petitioner.

Gale A. Norton, Attorney General, Richard Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Wendy J. Ritz, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent.

Justice MULLARKEY delivered the Opinion of the Court.

The defendant, Jerome Walker (Walker), was convicted on October 2, 1992 in the Adams County District Court of second degree murder, section 18–3–103, 8B C.R.S. (1986). The court of appeals affirmed the conviction in an unpublished opinion, *People v. Walker*, No. 93CA0118 (Colo.App. Feb. 9, 1995), rejecting Walker's contention that the trial court's interpretation of the statutory scheme involving heat of passion and the prosecutor's comments during closing arguments impermissibly shifted the burden of proof of heat of passion to Walker in violation of due process of law. We granted certiorari to review the decision of the court of appeals, and we now affirm.[1]

## I.

On October 12, 1991, Walker and his friend, Hobart King (King), were drinking at Walker's home. Over the course of the day, arguments broke out between Walker and King, and, although the events leading up to the incident are disputed, Walker eventually fatally stabbed King with a knife.

On October 16, 1991, the People charged Walker with first degree murder.[2] Walker entered a plea of not guilty, and the case went to trial on September 28, 1992.

At the close of the evidence, the jury was instructed on first degree murder, second degree murder, reckless manslaughter and heat of passion manslaughter. In addition, the jury was presented with instructions on the affirmative defenses of intoxication, defense of premises, and Walker's primary theory of self-defense. Walker tendered sample instructions and verdict forms which were rejected by the trial court. Walker's tendered instructions defined heat of passion manslaughter as a lesser included offense of first and second degree murder, requiring the prosecution to disprove the existence of heat of passion beyond a reasonable doubt in order to convict Walker of first or second degree murder. The instructions ultimately provided to the jury, however, followed the literal provisions of the statutory offense and defined heat of passion manslaughter as a lesser nonincluded offense for which the prosecution bore the burden of affirmatively proving, rather than disproving, the existence of heat of passion.[3] The instruction read as follows:

---

1. The court granted certiorari on the following two issues:
 1. Whether the court of appeals erred in concluding that under the Colorado statutory scheme heat of passion is not a factor in mitigation of second degree murder?
 2. Whether the burden of proving heat of passion in a homicide case was in effect placed upon the defendant in violation of due process of law?

2. § 18–3–102, 8B C.R.S. (1986).

3. There were several discussions during the trial regarding whether heat of passion manslaughter should be treated as an included or a nonincluded offense in the jury instructions. The trial court rejected the defendant's contention that

heat of passion manslaughter was an included lesser offense of second degree murder and stated that the instruction would be given as a nonincluded lesser offense. The trial court was careful to ensure that the record accurately reflected the defendant's position:

[Defense counsel]: I object to giving heat of passion as a separate instruction, ask that it be combined.

THE COURT: ... [I will give] this instruction on heat of passion manslaughter at the defendant's request. Now, on the record, I'm not real sure we did this on the record, you are requesting an instruction on heat of passion manslaughter, are you not?

[Defense counsel]: Yes.

THE COURT: Okay. In that case, I'm treating it as a lesser nonincluded and it has to be

In addition to determining the issues relating to the charge of First Degree Murder and the lesser included offenses of Second Degree Murder and Reckless Manslaughter, the jury shall determine whether the defendant, Jerome Walker, committed the lesser nonincluded offense of Heat of Passion Manslaughter. The defendant may be found guilty of a lesser non-included offense only if the evidence is sufficient to establish his guilt of the lesser non-included offense beyond a reasonable doubt.

. . . . .

You should bear in mind that the burden is always upon the prosecution to prove beyond a reasonable doubt each and every material element of any lesser non-included offense; the law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.

After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of Heat of Passion Manslaughter.

After considering all the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you shoud [sic] find the defendant not guilty of Heat of Passion Manslaughter.

The court also provided a separate verdict form for the heat of passion manslaughter offense. Thus, the jury received two verdict forms: the first required the jury to return a verdict on first degree murder or one of the lesser included offenses of second degree murder or reckless manslaughter, and the second required the jury to consider separately Walker's innocence or guilt on the

heat of passion manslaughter offense. The jury, therefore, was required to make a finding on the heat of passion manslaughter offense regardless of its decision on the other counts. During closing arguments, the prosecutor asserted several times that there was no evidence indicating heat of passion. On October 2, 1992, the jury returned a verdict of guilty of second degree murder[4] and a verdict of not guilty of heat of passion manslaughter.

Walker contends that the effect of the trial court's interpretation of the statutory scheme and the prosecutor's closing comments was to impermissibly place the burden of proof of heat of passion on him in violation of due process of law.

The court of appeals affirmed the trial court's rulings and the judgment, holding that heat of passion manslaughter is a separate offense from murder, rather than a statutory mitigating factor of, or an affirmative defense to, second degree murder. In addition, the court of appeals found that the trial court had adequately described the prosecutor's burden of proof and that the prosecutor's comments did not constitute reversible error.

## II.

To decide the case before us, we must first consider whether the trial court correctly interpreted the criminal provisions as written and then determine if such interpretation violated due process of law.

### A.

Walker's primary argument is that the burden of proof of heat of passion manslaughter was placed on him in violation of

---

decided as a separate issue that is separate and independent of the primary charge and lesser included, but your objection is noted and overruled.

Thus, the trial court confirmed that the defendant requested a heat of passion manslaughter instruction and clarified the form in which it would be given. Although the defendant objected to the form of the instruction, he did not contend that the heat of passion instruction should be withdrawn altogether if presented as a nonincluded offense. In *Moore v. People*, 925 P.2d 264, 268–69 (Colo.1996), we rejected the

defendant's contention that the court should have given a spontaneous instruction on a nonincluded lesser offense after it rejected his argument that the lesser offense was included. In this case, the instruction was not given *sua sponte*, but rather was given after the issue was extensively argued by the defendant. Unlike *Moore*, the issue here is not the trial court's authority to give the instruction, but whether the instruction given was legally correct.

**4.** § 18–3–103, 8B C.R.S. (1986).

due process of law. He contends that the trial court erroneously interpreted the statutory scheme in determining that heat of passion manslaughter is a lesser nonincluded offense rather than a factor in mitigation of, or affirmative defense to, second degree murder. In order to address this question, we begin with the criminal provisions at issue.

At the time of Walker's crime, heat of passion manslaughter was a class 4 felony defined as follows:

> **18–3–104. Manslaughter.** (1) A person commits the crime of manslaughter if:
>
> . . . . .
>
> (c) He knowingly causes the death of another person under circumstances where the act causing the death was performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person killing sufficiently to excite an irresistible passion in a reasonable person; but, if between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard, the killing is murder.
>
> (2) Manslaughter is a class 4 felony.

§ 18–3–104, 8B C.R.S. (1986). At the same time, second degree murder was a class 2 felony under the following definition:

> **18–3–103. Murder in the second degree.** (1) A person commits the crime of murder in the second degree if:
>
> (a) He causes the death of a person knowingly, but not after deliberation.

§ 18–3–103, 8B C.R.S. (1986). Thus, under the law as it existed when the crime occurred, heat of passion manslaughter consist-

ed of all the elements necessary to prove second degree murder plus additional elements involving heat of passion.[5]

Walker concedes that the heat of passion manslaughter statute does not, on its face, shift the burden of proof of heat of passion to the defendant. Nonetheless, Walker argues that, under *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the appropriate inquiry is whether the effect of the law as applied and enforced by the state shifts the burden of proof to the defendant in violation of due process of law.

Walker contends that because the jury was instructed that the prosecution bore the burden of proving, rather than disproving, the existence of heat of passion, Walker was denied the mitigating benefits of heat of passion. In particular, Walker reasons that, because heat of passion manslaughter as defined in the statute requires proof, in part, of all the elements of the more serious offense of second degree murder, the prosecution would have no incentive to charge or attempt to prove a heat of passion charge. Walker thus argues that a literal interpretation of the statute effectively requires a defendant to assume the burden of proof in order to receive the mitigating benefit of heat of passion. We disagree.

In *Rowe v. People*, 856 P.2d 486 (Colo. 1993), we considered the element of heat of passion as provided in an amended version of the statute defining first degree assault. In that case, the defendant had been convicted of an offense of first degree assault committed under heat of passion. *Id.* at 488. We were called upon to decide whether the General Assembly's amendment to the first de-

---

**5.** In 1996, the General Assembly amended the criminal code, eliminating the offense of heat of passion manslaughter and providing heat of passion as a factor in mitigation of second degree murder within the statute defining second degree murder. Section 18–3–103, 8B C.R.S. (1996 Supp.), provides in relevant part:

> **Murder in the second degree.** (1) A person commits the crime of murder in the second degree if the person knowingly causes the death of a person.
>
> . . . . .
>
> (3) (a) Except as otherwise provided in paragraph (b) of this subsection (3), murder in the second degree is a class 2 felony.

> (b) Notwithstanding the provisions of paragraph (a) of this subsection (3), murder in the second degree is a class 3 felony where the act causing the death was performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the defendant sufficiently to excite an irresistible passion in a reasonable person; but, if between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard, the killing is a class 2 felony.

gree assault statute provided the element of heat of passion as a statutory mitigating factor, a separate offense, or as an affirmative defense.

The amended first degree assault statute contained a provision stating that "[i]f assault in the first degree is committed under circumstances where the act causing the injury is performed ... upon a sudden heat of passion ... it is a class 5 felony[,][but][i]f [the] assault ... is committed without [heat of passion] it is a class 3 felony." § 18–3–202, 8B C.R.S. (1986).

The prosecution requested and the trial court gave an instruction on the offense of first degree assault committed under heat of passion as a lesser included offense of first degree assault. *Rowe*, 856 P.2d at 488. We concluded, in agreement with the court of appeals, that heat of passion had been provided as a statutory mitigating factor, rather than a separate offense. *Id.* at 489. We noted that the element of heat of passion was contained in a subsection of the first degree assault statute that dealt exclusively with sentencing, rather than in the subsection which provided the elements defining the offense. *Id.* at 490. We also found that the General Assembly did not provide heat of passion as an affirmative defense, evidenced by the twin facts that heat of passion did not function to entirely negate a defendant's liability and the legislature did not label the element as an affirmative defense. *Id.* at 492. Thus, we concluded that

> the General Assembly ... includ[ed] heat of passion language in the statutory scheme for first-degree assault as a mitigating factor that could reduce a defendant's sentence for first-degree assault, rather than by creating a new and sepa-

rate offense of first-degree assault committed under heat of passion or by establishing an affirmative defense.

*Id.* As support for this conclusion, we specifically highlighted the comparison between the criminal jury instructions on the element of heat of passion in the context of a charge of first degree assault and the criminal jury instructions on the element of heat of passion in the context of heat of passion manslaughter.[6] *Id.* at 490.

■ Our analysis in *Rowe* is applicable to this case. Similar to the amended assault provisions discussed in *Rowe*, the homicide provisions at issue in this case do not define heat of passion as an affirmative defense, and heat of passion does not function to entirely negate a defendant's liability. In contrast to the provisions in *Rowe*, however, the homicide provisions at issue here do not define heat of passion as a statutory mitigating factor in sentencing. Rather, the statute defines heat of passion manslaughter as a separate offense for which the prosecution must prove each essential element. By the plain language of the criminal code in place at the time of the offense, the element of heat of passion in the homicide context was contained solely in the definition of heat of passion manslaughter, and the existence of heat of passion was necessary to prove the crime of heat of passion manslaughter. Thus, applying the *Rowe* analysis, we conclude that the trial court appropriately instructed the jury on the offense of heat of passion manslaughter as a separate offense.

The court of appeals has not been consistent in the determination of whether heat of passion manslaughter is an included or non-included lesser offense.[7] However, we have

**6.** We stated:

> *Compare* CJI–Crim.2d 10:20 (heat of passion is not an element of first-degree assault but an issue the jury must consider once it has found a defendant guilty of first-degree assault) *with* CJI–Crim.2d 9:08 (listing heat of passion as an element of the offense of manslaughter that the prosecution must establish beyond a reasonable doubt).
>
> *Rowe*, 856 P.2d at 490.

**7.** *Compare People v. Moore*, 860 P.2d 549, 551 (Colo.App.1993), *rev'd*, 877 P.2d 840 (Colo.1994)

("[E]ven if we were to assume that the evidence of provocation here might have supported a lesser included offense instruction on attempted heat of passion manslaughter ... such an instruction is not required to be given unless there is a request for it.") *with People v. Hennion*, 923 P.2d 256, 258 (Colo.App.1995) ("Attempted heat of passion manslaughter is not a lesser included offense of attempted second degree murder because the establishment of the essential elements of the greater offense of attempted second degree murder do not necessarily establish all of the elements required to prove the lesser offense of attempted heat of passion manslaughter.").

stated that the offense is "technically not a lesser included offense of first- or second-degree murder." *People v. Garcia,* 826 P.2d 1259, 1262 (Colo.1992) (citing *People v. Lewis,* 676 P.2d 682, 688 (Colo.1984)). The court of appeals thus correctly determined that the offense was a lesser nonincluded offense.

Under section 18–1–408(5)(a), 8B C.R.S. (1986), an offense is considered an included offense of another when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." The criminal code in effect at the time of Walker's crime provided that heat of passion manslaughter was comprised of all the elements necessary to prove second degree murder and the additional elements of heat of passion. Thus, heat of passion manslaughter was not an included offense of second degree murder because it contained more, rather than less, elements than the offense of second degree murder. Therefore, the court of appeals did not commit error in affirming the trial court's presentation of heat of passion manslaughter as a lesser nonincluded offense.

Walker points out that for centuries heat of passion has been recognized as a mitigating factor in homicide, and that society has generally considered one who kills with provocation to be less culpable than one who kills without it. However, Walker erroneously concludes that because the trial court did not recognize heat of passion as a statutory mitigating factor, but rather found it to be a separate crime, Walker was denied the mitigating benefits of heat of passion. Contrary to Walker's assertions, the statute defining heat of passion manslaughter provides heat of passion as a mitigating factor in homicides. Under section 18–3–104, a homicide committed under heat of passion was defined as manslaughter and classified as a class 4 felony, while a homicide committed without heat of passion fell under section 18–3–103 and was defined as murder and a class 2 felony. Thus, under the statutory provisions in effect at the time of Walker's crime, a homicide committed in the heat of passion was considered and treated as less severe than a homicide committed without heat of passion. In other words, the provision of heat of passion

manslaughter as a separate crime does not negate the mitigating effect of heat of passion, but merely provides it in a different form.

The trial court therefore correctly found that heat of passion manslaughter was a specific, lesser, nonincluded offense of second degree murder rather than a statutory mitigating factor. This conclusion was consistent with the plain language of the statute, as well as our cases interpreting the heat of passion manslaughter offense.

### B.

■ Walker argues that such a literal interpretation of the heat of passion manslaughter offense impermissibly shifted the burden of proof of the element of heat of passion to him in violation of due process of law because the prosecution never would have an incentive to prove the existence of heat of passion. This is so, Walker argues, because proof of all the elements of second degree murder is a prerequisite to a finding of heat of passion manslaughter, and thus, whenever the prosecution could prove heat of passion manslaughter, it would have succeeded in proving second degree murder. While we acknowledge that the statute as written limits the occasions on which heat of passion manslaughter may be asserted, we disagree with Walker that the statute therefore violates due process of law.

In *People v. Seigler,* 832 P.2d 980 (Colo. App.1991), the court of appeals rejected a defendant's argument that his due process rights were violated by the Colorado statutory scheme regarding heat of passion manslaughter because it required him to assume the burden of proof of the elements of heat of passion. In *Seigler,* the defendant was charged with one count of first degree murder and one count of crime of violence. *Id.* at 981. The jury was additionally instructed on the offense of second degree murder, all the manslaughter offenses, and the offense of criminally negligent homicide. *Id.* The defendant's primary argument was that his due process rights were violated because the court's instructions on heat of passion manslaughter as a lesser included offense of second degree murder, rather than as an af-

firmative defense to either first or second degree murder, impermissibly shifted the burden of proof of heat of passion to him. *Id.* at 983.

The defendant in *Seigler* acknowledged that the General Assembly had chosen to provide heat of passion as a separate offense for which the prosecution bore the burden to affirmatively prove the elements, rather than as an affirmative defense. He argued that because of this statutory scheme, the People rarely ever charged heat of passion manslaughter, and its disinterest in proving it effectively resulted in the defendant bearing the burden of proving the elements in order to gain the mitigating benefits. The court of appeals disagreed, and we find its reasoning persuasive.

 The General Assembly determines the legal elements of crimes and delineates what circumstances will constitute excuse or justification. *Seigler*, 832 P.2d at 983 (citing *People v. Carrier*, 791 P.2d 1204 (Colo.App. 1990)). *See also Patterson v. New York*, 432 U.S. 197, 201–02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977) ("[I]t is normally 'within the power of the State to regulate procedures under which laws are carried out, including the burden of persuasion,' and its decision in this regard is not subject to proscription under the Due process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'") (quoting *Speiser v. Randall*, 357 U.S. 513, 523, 78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460 (1958)). Our task in construing a statute is to ascertain and to give effect to the intent of the General Assembly, not to second guess its judgment. *Rowe v. People*, 856 P.2d 486, 489 (Colo.1993). In determining the intent of the General Assembly, we look first to the plain language of the statute. *Id.; Goebel v. Colorado Dep't of Insts.*, 830 P.2d 1036, 1041 (Colo.1992). Where the language is clear and unambiguous, we need not resort to rules of statutory construction. *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542, 545 (Colo. 1995).

The statute at issue in this case is unambiguous. Section 18–3–104 provides for heat of passion as elements in the definition of manslaughter. It is true that, as the statute is written, heat of passion must be proved by the prosecution, so a defendant will receive the mitigating benefits of heat of passion only when it is proven. We do not agree with Walker, however, that this result is a violation of due process of law. There is no support for the contention that Walker has a constitutional right to the mitigating benefits of heat of passion, and we cannot say that, as the statute is written, the prosecution will not undertake the proof of heat of passion. Numerous circumstances exist in which a prosecutor might choose to charge or attempt to prove heat of passion manslaughter (*e.g.*, when significant evidence of heat of passion exists, and the prosecution believes that a jury would not convict on second degree murder).

Walker relies, in large part, on the United States Supreme Court's decision in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), to support his contention that the effect of the statute violates due process. In *Mullaney*, the Court struck down a Maine statute defining murder which contained a presumption of malice aforethought rebuttable by a defendant's proof of heat of passion. *Id.* The Court found that the presumption operated to place the burden of proof of an essential element of the offense on the defendant in violation of due process of law. *Id.* at 703–04, 95 S.Ct. at 1892. In reaching its conclusion, the Court explained that "the rationale of [*In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970),] requires an analysis that looks to the 'operation and effect of the law as applied and enforced by the state.'" *Mullaney*, 421 U.S. at 699, 95 S.Ct. at 1890 (quoting *St. Louis S.W.R. Co. v. Arkansas*, 235 U.S. 350, 362, 35 S.Ct. 99, 102, 59 L.Ed. 265 (1914)). Walker argues that *Mullaney*, thus, requires us to look beyond the face of the statute to consider the effect of Colorado's heat of passion manslaughter offense as applied. Standing alone, *Mullaney* might compel the result Walker seeks.

However, two years later in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the Court limited the *Mullaney* holding by focusing on the formal

presentation of the law. By so doing, the Court preserved broad discretion in state legislatures to define crimes. In *Patterson,* the United States Supreme Court held that due process does not require that the prosecution prove the nonexistence of all affirmative defenses. 432 U.S. at 210, 97 S.Ct. at 2327. The *Patterson* court found the *Mullaney* decision to be limited to requiring a state to prove beyond a reasonable doubt every essential element of an offense, thus prohibiting a state from presuming an essential element as Maine did in *Mullaney.* 432 U.S. at 215, 97 S.Ct. at 2329–30.

The Supreme Court in *Patterson* stated that "[t]he Due Process Clause, as we see it, does not put New York to the choice of abandoning [affirmative] defenses or undertaking to disprove their existence in order to convict of a crime which otherwise is within its constitutional powers to sanction by substantial punishment." 432 U.S. at 207–08, 97 S.Ct. at 2325–26. Likewise, the Due Process Clause does not require Colorado to provide an affirmative defense to be proven by the defendant or disproved by the prosecution in order to convict a defendant of a crime "which otherwise is within its constitutional powers to sanction by substantial punishment." *Id.* at 208, 97 S.Ct. at 2326.[8]

Applying the *Patterson* rationale to the case before us, we find that the Colorado statutory scheme does not presume or imply any essential elements of the offenses of second degree murder or heat of passion manslaughter. The second degree murder statute does not contain any elements involving a presumption of the absence of heat of passion. In addition, the Colorado statutory definition of heat of passion manslaughter does require proof by the prosecutor of the presence of heat of passion. Thus, Colorado's statutory scheme does not shift the burden of proof of heat of passion to the defendant in violation of due process of law.

### C.

Walker additionally argues that the prosecutor's comments during closing arguments served to shift the burden of proof to him. During the People's closing arguments, the prosecutor stated the following:

> Then there's the lesser nonincluded offense.... [T]his is something you consider separately from [the other offenses].... Knowingly, I've talked about that. Cause of death of another. Resulted in an act or act causing death performed under a sudden heat of passion, caused by a serious and highly provoking act. I submit to you right here, we have no serious and highly provoking act. Saying fuck you to somebody is not a serious, [sic] and there's no evidence. If you want to consider it, [the victim] saying I'm going to have sex with your daughter, there's no evidence he has a daughter. A serious and highly provoking act is, you know, you come home and maybe somebody is having sex with your five-year-old daughter. This is a highly and serious provoking act. We have nothing even approaching it.

> Irresistible passion. This is completely inapplicable to any of the facts or evidence in this case and I would submit to you that it's not even worth—worth commenting on.

Later on rebuttal, the prosecutor additionally stated that

> They want you to believe that this case is a provocation case, that this is provoking conduct on behalf of [the victim].... This is not sufficient provoking conduct to amount to heat of passion manslaughter.

> . . . . .

> Heat of passion manslaughter: if you believe that this was highly provoking conduct by [the victim] sufficient to excite an irresistible impulse in the person perceiving that conduct, that caused him to stab

8. The court of appeals in *Seigler,* 832 P.2d 980, 983–84 (Colo.App.1991), distinguished the United States Supreme Court decision in *Mullaney,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), by noting that the statutory scheme involved there, in contrast to Colorado's scheme, provided that the absence of heat of passion was an element of murder which would be presumed unless the defendant otherwise proved the existence of heat of passion by a preponderance of the evidence. Thus, while the Maine statute violated due process by shifting the burden of proof of an essential element to the defendant, the court of appeals found that Colorado's statute contained no such shift. *Seigler,* 832 P.2d at 983–84.

[the victim], then that should be your verdict. But read that element, it says if the opportunity for the voice of reason and humanity to be heard, if there's time for the opportunity or that there's an opportunity for the voice of reason to be heard, and it's not heat of passion, it's murder. Walker contends that these comments shifted the burden of proof. We disagree.

In *People v. Wadley*, 890 P.2d 151 (Colo. App.1994), a defendant challenged his conviction on the grounds that the prosecutor's closing comments at trial had served to shift the burden of proof of heat of passion to him. The prosecution argued during its closing remarks that the prosecution had failed to prove heat of passion beyond a reasonable doubt. *Id.* at 154. The prosecutor went on to specifically argue against heat of passion manslaughter on the grounds that there had been a sufficient time interval between the alleged provocation and the homicide in which to allow the defendant to heed the voice of reason. *Id.* Because the defendant had not objected to the prosecutor's comments contemporaneously, the court of appeals applied a plain error standard to the defendant's contention that the comments had impermissibly shifted the burden of proof of heat of passion to the defendant. *Id.* While the court indicated its disapproval of the prosecutor's statements, the court held that, given the context of the argument as a whole, and in light of the evidence presented at trial, the prosecutor's comments did not rise to the level of plain error. *Id.*

■ Similar to *Wadley*, in this case the defendant did not object contemporaneously that the prosecutor's closing argument shifted the burden of proof. Under such circumstances, the appropriate standard of review is plain error. *Wilson v. People*, 743 P.2d 415, 419 (Colo.1987). Plain error occurs when "the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *People v. Kruse*, 839 P.2d 1, 3 (Colo.1992). In addition, the evaluation of the propriety of counsel's argument involves consideration of the disputed state-

ments in the context of the whole argument and in light of the evidence presented at trial. *People v. Gutierrez*, 622 P.2d 547, 554 (Colo.1981).

The prosecutor's statements regarding heat of passion during closing argument in this case were less severe than the statements made in *Wadley*. In this case, the prosecutor stated that, in essence, there was no evidence of heat of passion. By contrast, in *Wadley*, the prosecutor explicitly stated that the prosecution had failed to prove the existence of heat of passion and affirmatively argued against the existence of one of the elements of the offense. 890 P.2d at 154. Nonetheless, the court of appeals held that the statements did not rise to the level of plain error. The court considered the argument as a whole, noting that the prosecutor mentioned during his closing remarks that the prosecution bore the burden of proof on all offenses, including heat of passion. *Id.* The court found that the prosecutor's argument as a whole did not contradict the instructions given to the jury. Therefore, the court concluded that the statements would not have led the jury to believe that the burden of proof of heat of passion was carried by the defendant. *Id.*

While the prosecutor's comments in this case asserted a lack of evidence of heat of passion, the instructions and verdict form provided to the jury regarding heat of passion manslaughter repeatedly emphasized that the prosecution bore the burden of proof of the elements of heat of passion as well as for all other essential elements of the offenses. In addition, the prosecutor indicated in his closing comments to the jury that the jury could "find the defendant guilty of [heat of passion manslaughter] as well as any one of the first, second, or reckless manslaughter." The prosecutor also reiterated on rebuttal that the People had "the burden of proof in this case." We conclude that the prosecutor's comments taken as a whole did not contradict the instructions given to the jury and would not have misled the jury to believe that Walker bore the burden of proof with regard to heat of passion.[9]

9. In contrast to *Wadley* and *Seigler*, the trial

court in this case properly instructed the jury on

## III.

We find that the trial court's instructions regarding the heat of passion manslaughter offense were consistent with the language of the statute. We further hold that the instructions and the prosecutor's closing arguments did not shift the burden of proof to the defendant in violation of due process of law. Accordingly, we affirm the decision of the court of appeals.

heat of passion manslaughter as a lesser *nonincluded* offense. Despite the defendant's requests that the offense be submitted to the jury as a lesser included offense, the trial court provided a separate verdict form for the heat of passion manslaughter offense and instructed the jury that it was to consider it separately, and in addition to, the other offenses. Thus, in this case, the defendant can not argue that the jury might not have considered the heat of passion manslaughter offense once it determined the prosecution had proved the elements of second degree murder. The trial court specifically required the jury to consider the heat of passion manslaughter offense, and by returning that separate verdict form, we know that the jury considered the elements of heat of passion and found that all of the elements had not been proved beyond a reasonable doubt.