**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 14, 2007**

**TENTH CIRCUIT**

ROBERT S. MACH,

      Petitioner - Appellant,

v.

RON LEYBA, Superintendent
A.V.C.F.; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 07-1058
(D.C. No. 05-CV-2386-LTB-PAC)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Petitioner-Appellant Robert S. Mach, a state inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may challenge the district court's denial of his habeas petition under 28 U.S.C. § 2254. Because we conclude that Mr. Mach has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2)-(3), we deny his request for a COA and dismiss his appeal, see Slack v. McDaniel, 529 U.S. 473 (2000).

Mr. Mach was convicted of first-degree murder for shooting his wife and was sentenced to life imprisonment. The conviction was reversed on direct appeal, People v. Mach, 96CA428 (Colo. Ct. App. Sept. 24, 1998) (unpublished),

and he was retried. The following facts emerged on retrial. On the evening of May 29, 1994, Mr. Mach had an extended argument with his wife, Mimi. Shortly after midnight, Mr. Mach called 911 to report that he had shot her. He later explained to police that Mimi had been intoxicated and was provoking him prior to the shooting. Police asked Mr. Mach when he had decided to shoot Mimi, and he responded, "I don't know, it just happened."

Mr. Mach's defense at trial was that he shot his wife in a sudden heat of passion after she threatened to take away his infant daughter; he contended that he did not act after deliberation nor did he intend to kill Mimi. He offered expert testimony from Dr. Suzanne Bernhard that Mimi's repeated episodes of intoxicated rage during the marriage led him to withdraw in an attempt to avoid conflict. Dr. Bernhard concluded that Mr. Mach had a history of dealing with conflict through repression, indicating that he had shot Mimi without deliberation and in response to her highly provocative conduct.

Nevertheless, the second jury also convicted Mr. Mach of first-degree murder, and he was again sentenced to life imprisonment without the possibility of parole. This conviction was affirmed on direct appeal, and the Colorado Supreme Court denied certiorari. Thereafter, Mr. Mach timely filed a petition for federal post-conviction relief asserting that: (1) the trial court violated his due process rights by excluding evidence of the victim's character (i.e., prior instances of rage and anger); (2) the trial court violated his due process and

confrontation rights by excluding testimony from Mimi's psychologist about Mimi's character and state of mind on the basis of the state psychologist-patient privilege; (3) the trial court violated his due process rights by excluding Mimi's blood alcohol test results, and the Colorado Court of Appeals' determination of harmless error was incorrect; and (4) the trial court violated his due process rights when it erroneously instructed the jury concerning the lesser non-included offense of heat of passion manslaughter, and the Colorado Court of Appeals' determination of harmless error was incorrect.

To obtain a COA, Mr. Mach must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Congress has prescribed a highly deferential standard of review for federal courts to apply in reviewing state convictions. Before a federal court may grant relief on a claim adjudicated on the merits in state court proceedings, a petitioner must demonstrate that the state court's decision on that claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). As the Supreme Court recently noted, "[t]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold. Schriro v.

Landrigan, 127 S. Ct. 1933, 1939 (2007).

We have reviewed the record and the magistrate judge's thorough recommendation, as adopted by the district court, and we have little to add. See Mach v. Leyba, No. 05-cv-02386-LTB-PAC, 2007 WL 45994 (D. Colo. Jan. 5, 2007). Regardless of the reason for the exclusion of evidence, a petitioner must demonstrate that the exclusion deprived him of a fundamentally fair trial, an inquiry that turns on the materiality of the evidence. See United States v. Solomon, 399 F.3d 1231, 1239 (10th Cir. 2005); Matthews v. Price, 83 F.3d 328, 331-32 (10th Cir. 1996). The materiality inquiry concerns whether the evidence would have created a reasonable doubt that would not otherwise have existed. Richmond v. Embry, 122 F.3d 866, 872 (10th Cir. 1997).

The magistrate judge concluded that the excluded evidence did not deny Mr. Mach of a fundamentally fair trial, and we do not think this holding is reasonably debatable. As to the blood alcohol evidence, Mr. Mach was adequately able to portray Mimi as intoxicated, particularly given the testimony of Dr. Verdeal, a forensic toxicologist. Mr. Mach's argument that the blood alcohol evidence would have been better scientific proof may be true, but that is not our inquiry in conducting habeas review of state court evidentiary rulings.

As to the character evidence, Mr. Mach argues that: (1) Colo. Rev. Stat. § 18-6-801.5 (concerning prior instances of domestic violence) would permit its introduction, (2) such evidence was an essential element of his defense, and (3)

the prosecution opened the door to character because Mimi's daughter testified about the relationship between Mr. Mach and her mother. None of these grounds would serve to allow a trial-within-a-trial of the victim's character in this case. Although its state law evidentiary ruling on this point is undoubtedly correct, the Colorado Court of Appeals' conclusion that the jury was exposed to other evidence that corroborated Mr. Mach's account of Mimi on the day of killing is supported–as noted by the magistrate judge. R. Doc. 20 at 11-12.

Mr. Mach also argues that Mimi's psychologist, Dr. John Lincoln, should have been allowed to testify about the role Mimi's borderline personality disorder played in provoking him and that an exception should have been made under Colorado's seemingly-absolute psychologist-patient privilege. We note that the Supreme Court has cautioned against ad hoc balancing for a closely-related federal privilege, the psychotherapist-patient privilege. Jaffee v. Redmond, 518 U.S. 1, 17-18 (1996). Regardless, we do not think that it is reasonably debatable whether the exclusion of such evidence, based on a few counseling sessions a year or so before Mimi's death, deprived Mr. Mach of a reasonably fair trial or infringed on his confrontation rights. Mr. Mach was able to portray Mimi as abusive and intoxicated. We fail to see how Dr. Lincoln's testimony could have addressed Mimi's state of mind or intoxication on the night of the event.

Finally, Mr. Mach argues that he was entitled to a heat of passion manslaughter instruction and a second verdict form on the lesser non-included

offense of heat of passion manslaughter. He argues that this was especially important because the jury was not instructed that the people had to disprove his heat of passion manslaughter defense. See Walker v. People, 932 P.2d 303, 308-10 (Colo. 1997). The record supports the magistrate judge's conclusion that the jury instructions set forth the elements of heat of passion manslaughter (applicable at the time of the offense) and that the prosecution had the burden of proof on each element. 31 R. Proper 164-65. The Colorado Court of Appeals reasoned that any claimed instructional error was harmless because the jury necessarily rejected the heat of passion manslaughter offense when it convicted Mr. Mach of first-degree murder and rejected the intermediate offense of second-degree murder. R. Doc. 12, App. D. at 10-12; Mata-Medina v. People, 71 P.3d 973, 981-82 (Colo. 2003). We note that Mata-Medina involved the failure to provide an instruction; no such problem occurred here, and the magistrate judge's conclusion that no reasonable probability exists on this record that the jury failed to consider the heat of passion offense is not reasonably debatable. In short, Mr. Mach was not deprived of fundamental fairness or due process. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

    Accordingly, we DENY a COA and DISMISS the appeal. Appellant's motion to proceed on appeal in forma pauperis is GRANTED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
